# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-51224
Summary Calendar

TONY ROBERT DAVIS

Petitioner-Appellant

v.

GEORGE W BUSH, In His Official Capacity as the President of the United States; MICHAEL B. MUKASEY, U S ATTORNEY GENERAL, In His Official Capacity as the Attorney General of the United States; THE BUREAU OF PRISONS; THE DEPARTMENT OF JUSTICE; JOE ED CANALES, In His Official Capacity as Supervised Release Officer with the United States District Court for the Western District of Texas

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-688

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tony Robert Davis, former federal prisoner # 68917-080, appeals from the district court's dismissal as frivolous of his 28 U.S.C. § 2241 petition. The district court also imposed a $500 sanction based on Davis's "continued contumacious conduct." In his § 2241 petition, Davis challenged his convictions

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and sentences on eight counts of conspiracy, wire fraud, travel and transportation of securities for fraudulent purposes, and money laundering. See United States v. Davis, 226 F.3d 346, 348 (5th Cir. 2000).

Davis's § 2241 petition makes no claims that are cognizable in a § 2241 petition. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2.

Despite having previously been sanctioned by this court on more than one occasion, Davis has continued to file frivolous, disrespectful, and vexatious pleadings without obtaining the requisite permission. Accordingly, Davis is ordered to pay to the clerk of this court a $1,000 sanction. Davis must satisfy this monetary sanction before filing anything in this court, including any motion for permission to proceed after having been sanctioned. If Davis attempts to file any further notices of appeal or original proceedings in this court without first obtaining the requisite permission and paying the monetary sanction, the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the monetary sanction has been paid and permission has been granted for filing will be neither addressed nor acknowledged. Davis is cautioned that he should review any pending complaints, motions, and appeals and withdraw any that are frivolous. Davis is warned that failure to withdraw any frivolous proceedings will result in the imposition of more monetary sanctions, as will any further frivolous filings.

Davis's motion for leave to file a petition for relief is denied.

The mandate shall issue forthwith.

APPEAL DISMISSED; SANCTION IMPOSED; WARNING ISSUED. MANDATE SHALL ISSUE FORTHWITH.